# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Berry Johnson, #B-33367
)
Plaintiff
)
)
vs.
)
Andrew Tilden, et al.,
)
)
Defendant(s)

Case No. _____
(*The case number will be assigned by the clerk*)

SCANNED at PCC and E-Mailed
8/21/17 (date) by VK (initials)
29 (# of pages)

(*List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format*).

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

[X] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[X] Other federal law: Americans With Disabilities Act, 2008

[ ] Unknown _____

## I. FEDERAL JURISDICTION

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.




Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Berry Johnson

Prison Identification Number: B-33367

Current address: Pontiac Correctional Center Max Unit P.O. Box 99, Pontiac, Illinois 61764

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Andrew Tilden

Current Job Title: Medical Director employed by Wexford On-site

Current Work Address 700 W. Lincoln St. Pontiac, Illinois 61764

Defendant #2:

Full Name: Mary Ellen Grennen, Health Care Administrator

Current Job Title: Pontiac Correctional Center's Health Care Administrator

Current Work Address 700 W. Lincoln Street - P.O. Box 99 Pontiac, Illinois 61764

Defendant #3:

Full Name: Wexford Health Sources, Inc.

Current Job Title: Vendor for Illinois Dept. of Corrections

2



Current Work Address 700 W. Lincoln Street / 205 Greentree Commons
Pontiac, Illinois 61764 / 381 Mansfield Ave. Pittsburgh, PA 15220

Defendant #4:

Full Name: Michael Melvin

Current Job Title: Chief Administrative Officer (Warden)

Current Work Address: 700 W. Lincoln St. - P.O. Box 99 Pontiac, Illinois 61764

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☒

If yes, please describe _____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐   No ☒

C. If your answer to B is yes, how many? ____ Describe the lawsuit(s) below.

3



1. Name of Case, Court and Docket Number _____

   _____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ☒ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒ No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?  Yes ☒ No ☐  See Attached Exhibits #1 & #2

The Plaintiff submitted two (2) seperate emergency grievances directly to the Chief Administrative Officer Michael Melvin on 10/19/2016 and 11/21/2016. The CAO or Chief Administrative Officer did not investigate my grievance complaints, however, he arbitrarily considered my grievances as No not substantiated and explain I should resubmit my grievances. I forward my grievances to IDOC's Administrative Review Board on or about 12/14/2016. There has been no response in a reasonable time.

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Pontiac Correctional Center's Maximum Security Unit's Protective Custody (SPC & EPC)

4

Date(s) of the occurrence <u>On-going from October 17, 2016 - 2017</u>

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

Claim I: The plaintiff in this case is a 75 year old African-American, who is subjected to medical neglect and deliberate indifference to his injuries, pain, suffering, and life altering handicaps by Defendant Andrew Tilden, Wexford Health Sources, Inc. medical staff through the policies and profit driven interests. See Sworn Supporting Narrative Exhibit #3

The Pontiac Correctional Center's Health Care Administrator between October 2016 - August 2017 failed to recognize the Plaintiff's on-going medical conditions. The Plaintiff was not advised of any treatment plan ordered; due to the Plaintiff's age, there's no protection under Pontiac Correctional Center's Health Care Unit's Offender Bill of Rights; there's ineffective communication and access from the Defendants regarding the plaintiff's diagnosis, treatment plan, treatment, and expected outcome;

None of the plaintiff's medical information was inadvisable to be disclosed to him, and none of the Defendants allowed the plaintiff to participate in decisions about the intensity and scope of his treatment to be provided. Moreover, the Defendants never made the plaintiff aware of any opportunity to participate in chronic illness clinics.

5

The Defendant Tilden and Wexford Health Sources Inc. as the plaintiff's Primary Care Providers are personally responsible for the deprivations of emergency medical care that caused the loss of plaintiff's limbs. The current deprivation of constitutional rights under the Eighth and Fourteenth Amendments and the past harm is caused by the practice and policies established by Defendant Wexford and implimented by Defendant Tilden to cut costs for his employer Wexford Health Sources, Inc.

Claim II: Defendant Wexford Health Sources, Inc. as vendor employed by the State of Illinois to provide health care services to prisoners confined in the Illinois Department of Corrections is a for profit business which establishes practices, policies, customs to maintain a inflexible policy against emergency medical off-site referrals. The practice by Defendant Wexford of using its Utilization Management to delay emergency referral approval caused the plaintiff to lose two toes by gangrene and amputations. Moreover, Wexford's action is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States of America.

Claim III: Defendant Michael Melvin is directly involved and responsible being deliberately indifferent to the plaintiff's serious emergency health need between October 2016- August 2017. Defendant Melvin practice of determining the plaintiff's emergency grievances regarding medical without Melvin actually investigating the emergency claim(s)

6

contributed to the delay in the plaintiff receiving emergency medical treatment from Defendant Tilden.

Under Illinois law Defendant Melvin is responsible for ensuring that Defendant Mary Ellen Grennon as Health Care Unit Administrator and Defendant Tilden during the relevant time (October 2016 - December 2016) for establishing a procedure for the use of treatment protocols by Non-physician health care staff such as Nurses and the Health Care Administrator. However, Defendant Melvin was deliberately indifferent to the Plaintiff's medical needs based on the plaintiff being elderly/old.

See Plaintiff's Exhibits #1, #2, and #3.

Had not the Defendants Melvin, Tilden, Wexford, and Grennon delayed providing the Plaintiff Necessary off-site emergency health care treatment the loss of the Plaintiff's limbs would/could have been prevented. All of the Defendants were directly involved. Defendants Melvin and Grennon were also in both personal and official capacities responsible.

Defendant Tilden's delegation of authority to his Physician Assistant Ojelade and Nurse Practioner Hansen violate Sections 15-15 and 15-20 of the Nursing and Advanced Practice Nursing Act.

## RELIEF REQUESTED

(State what relief you want from the court.)

1. Preliminary Injunctive Relief in that Defendants

7

have the Plaintiff medically transferred to Dixon Correctional Center; and,

2. that the Defendant Tilden and Wexford Health Sources, INC, ensure that off-site medical specialist perform a complete examination and report findings of Plaintiffs medical conditions;

3. Compensatory Awards in the amount of 1.2 million dollars for each amputation suffered by the Plaintiff; and,

4. Punitive Damages against Wexford's Health Sources of 1.5 million dollars

JURY DEMAND    Yes ☒    No ☐

Signed this 3̶1̶6̶th day of August, 2017.

x Berry Johnson
(Signature of Plaintiff)

| Name of Plaintiff: Berry Johnson | Inmate Identification Number: B-33367 |
|---|---|
| Mr Berry Johnson Address: P.O. Box 99 Pontiac, IL 61764 | Telephone Number: |

MARK G SPENCER
Official Seal
Notary Public - State of Illinois
My Commission Expires Mar 23, 2020